UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER HALL,

     Plaintiff,

v.                               Case No.:  2:24-cv-550-JLB-KCD

                                       **FILED UNDER SEAL**

BATTELLE MEMORIAL
INSTITUTE,

     Defendant.

_____/

## ORDER

In this False Claims Act case, Plaintiff moves to file the Complaint under seal. (Doc. 2.) Plaintiff asserts that sealing is necessary because the complaint discusses trade secrets and matters of national security. (Doc. 1.) Plaintiff says the complaint is permeated with the sensitive information, making redaction or partial sealing impracticable. Though the complaint has not been served, Defendant was provided a copy, and has no objection to sealing.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial

process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.*

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the material confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Plaintiff has overcome the presumption of public access and shown good cause for filing the Complaint under seal. Sealing the Complaint is necessary because the filing includes sensitive information throughout, making redaction impracticable.

One last thing. Plaintiff states that he does not bring *qui tam* claims under the provisions of the False Claims Act. (Doc. 2 at 1.) Thus, the entire case need not be sealed.

Accordingly, it is now **ORDERED**:

1.  Plaintiff's Motion to Seal (Doc. 2) is **GRANTED**. The Clerk is directed to maintain the Complaint **UNDER SEAL**.

2.  The Clerk is directed to lift the case seal as the Complaint alleges no *qui tam* claims.

3.  The Complaint will remain under seal until 90 days after the case is closed and all appeals are exhausted.

4.  Attorney Benjamin Yormak is authorized to retrieve the sealed tangible items.

**ORDERED** in Fort Myers, Florida on June 21, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:
Counsel for Plaintiff