UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER HALL,

Plaintiff,

v. Case No: 2:24-cv-00550-JLB-KCD

BATTELLE MEMORIAL INSTITUTE,

Defendant.
_______________________________/

**ORDER**

Before the Court is Battelle Memorial Institute's (Defendant's) Motion for Judgment on the Pleadings (Doc. 29). Christopher Hall (Plaintiff) alleges that Defendant fired him in retaliation for objecting to legal violations committed by Defendant. (Doc. 1). Consequently, Plaintiff alleges that his termination violates the retaliation provision of the False Claims Act and Florida's Private Whistleblower Act. (*Id.*) Defendant now moves for judgment on the pleadings as to both claims (Doc. 29). Plaintiff responds in opposition (Doc. 30). After careful review of the Complaint, the parties' briefing, and the entire record, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**BACKGROUND**

During his employment with Defendant as Senior Product/Portfolio Manager, Plaintiff alleges that he objected to and refused to participate in Defendant's illegal activity. (Doc. 1 at ¶ 8, 15, 70). Specifically, Plaintiff alleges that Defendant, a nonprofit, non-governmental organization with tax-exempt status, gave its

government-owned intellectual property to Revive Environmental ("Revive"). (*Id.* at ¶ 23, 25). Revive is a for-profit corporation co-founded by Defendant, and Defendant's employees own 45% of Revive's shares. (*Id.*) Plaintiff alleges that this has allowed Defendant to give its government-funded technology to Revive, which will earn significant returns for Defendant's benefit. (*Id.* at ¶ 58).

The intellectual property Plaintiff alleges Defendant gave Revive is the Annihilator, a product created by Defendant to eliminate PFAS (per-and polyfluorinated alkyl substances), colloquially known as "forever chemicals" because they do not naturally degrade. (*Id.* at ¶¶ 19–20). Plaintiff alleges that Defendant and Revive have misrepresented the Annihilator's capabilities when selling the product to states and federal agencies, thus violating the False Claims Act (FCA). (*Id.* at ¶¶ 39–42). For instance, Plaintiff alleges that Defendant represents that the Annihilator can clean 500 gallons of water per day when the actual amount is 250 gallons. (*Id.*).

Additionally, Plaintiff alleges that Defendant has billed time that Plaintiff and other employees spent on Revive as part of Independent Research and Development (IRAD). (*Id.* at ¶¶ 9, 38). Defendant uses IRAD as an allowable cost to conduct research and develop projects of interest to the Department of Defense (DOD), which then reimburses the expenses. (*Id.* at ¶ 9). Plaintiff alleges that this is a misuse of government funds, another violation of the FCA. (*Id.* at ¶¶ 37–38).

While employed by Defendant, Plaintiff alleges that he objected to and refused to participate in this activity several times. (*See Id.* at ¶¶ 59, 70–72, 76, 78,

84, 86). Indeed, Plaintiff reported the allegedly illegal conduct to his supervisors and the DOD. (*Id.*)

In February of 2024, Defendant terminated Plaintiff. (*Id.* at ¶ 66). Plaintiff brings this action, claiming that Defendant discharged him in retaliation for his objections to Defendant's activity. (*See generally id.*) Plaintiff brings his claims under 31 U.S.C. § 3730(h), the retaliation provision of the FCA, and under Florida Statute 448.102, Florida's Private Whistleblower Act (FWA). (*Id.* at ¶¶ 74–103). Defendant moves for judgment on the pleadings, arguing that Plaintiff has insufficiently pleaded both claims. (Doc. 29). Plaintiff responded. (Doc. 30).

## LEGAL STANDARD

Where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law," courts should grant a judgment on the pleadings. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116–17 (11th Cir. 1999)). "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (quoting *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)).

"The standard of review for a motion for judgment on the pleadings is identical to that used to decide motions to dismiss under Rule 12(b)(6) . . . ." *White v. State Nat'l Ins. Co.*, No. 8:12-CV-2828-T-26TGW, 2013 WL 12156318, at *1 (M.D. Fla. Apr. 12, 2013) (citing *Mergens*, 166 F.3d at 1117). Thus, "in ruling on the

motion, '[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.'" *Id.* (alteration in original) (quoting *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005)).

**DISCUSSION**

Defendant moves for judgment on the pleadings as to both claims brought by Plaintiff, arguing that Plaintiff has not sufficiently established the elements of the claims. (Doc. 29). The Court disagrees.

**I. Plaintiff has sufficiently pleaded a violation of 31 U.S.C. § 3730(h).**

Defendant argues that Plaintiff's claim under 31 U.S.C. § 3730(h) must be dismissed because "Plaintiff is an unconstitutional relator." (Doc. 29 at 5) (citing *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293, 1307 (M.D. Fla. 2024) (finding that relators are unconstitutional because they possess "significant authority pursuant to the laws of the United States" and "occup[y] a continuing position established by law," thus subjecting them to the Appointments Clause)).

A relator is a person who "enforce[s] the [FCA] by filing a lawsuit in the federal government's name." *Zafirov*, 751 F. Supp. 3d at 1301 (citing 31 U.S.C. § 3730(a)). This is what is known as a qui tam action. *Id.* Defendant relies solely on *Zafirov*—a case not binding on this Court—to argue that, because "Plaintiff's alleged retaliation stems from actions taken while performing his unconstitutional role as a Relator, his conduct cannot be considered protected under the FCA" and "[w]ithout protected conduct, there can be no retaliation claim." (Doc. 29 at 6).

However, the *Zafirov* Court dealt exclusively with a qui tam action under 31 U.S.C. § 3730(a). *See Zafirov*, 751 F. Supp. 3d at 1301–17. There, the plaintiff sued her employer "on behalf of . . . the United States of America," thus acting as a relator. *Id.* at 1303. Here, Plaintiff has not brought this action against Defendant on behalf of the United States, and Defendant does not allege otherwise. Therefore, Plaintiff is neither a relator nor did he act as a relator prior to his termination.

This dispute deals with 31 U.S.C. § 3730(h), the retaliation provision of the FCA. (*See* Doc. 1 at ¶¶ 74–93). All that is required for a retaliatory discharge claim under 31 U.S.C. § 3730(h) is that the "employee's actions, as alleged in the complaint, are sufficient to support a reasonable conclusion that the employer could have feared being reported to the government for fraud or sued in a qui tam action by the employee . . . ." *U.S. ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1304 (11th Cir. 2010). In other words, the court must evaluate whether "there was at least a 'distinct possibility' of litigation under the False Claims Act at the time of the employee's actions." *Id.* at 1303. Plaintiff has met this burden, at least on the face of his complaint.

Indeed, Plaintiff alleges that he reported Defendant to the Department of Defense for fraud. (Doc. 1 at ¶¶ 69–70). And Defendant certainly could have feared that Plaintiff would bring a qui tam action. *See Sanchez*, 596 F.3d at 1304 (finding "[plaintiff]'s allegations that she complained about the defendants' unlawful actions and warned them that they were incurring significant criminal and civil liability . . . sufficient . . . to support a reasonable conclusion that the defendants were aware of

the possibility of litigation under the [FCA]"). Whether such action would be successful has no bearing on the analysis. In any case, Defendant terminated Plaintiff in February of 2024—months before *Zafirov* found relators in qui tam actions unconstitutional. (Doc. 1 at ¶ 66); *see Zafirov*, 751 F. Supp. 3d at 1300.

Thus, Plaintiff's Complaint sufficiently alleges retaliatory discharge under 31 U.S.C. § 3730(h).

## II. Plaintiff has sufficiently pleaded a violation of Florida Statute 448.102.

The FWA prohibits an employer from retaliating against an employee who has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Florida Statute 448.102(3).

Defendant argues that Plaintiff insufficiently pleaded a claim under the FWA because Plaintiff does not detail how he objected to Defendant's alleged illegal conduct. (Doc. 29 at 7). Thus, Defendant argues that Plaintiff cannot establish that he "engaged in statutorily protected expression." (*Id.*) (citing *Smith v. Sox*, No. 2:23-CV-68-JES-NPM, 2023 WL 4157362, at *4 (M.D. Fla. June 23, 2023) ("[T]o establish a prima facie case of retaliation under FWA, Plaintiff must prove that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity.")).

The statute, however, does not require that Plaintiff specify how the objections were made—only that Plaintiff "[o]bjected to, or refused to participate in"

the activity. *See* Florida Statute 448.102(3). Plaintiff alleges that he made several objections regarding the illegal conduct to his supervisors at Battelle and to the DOD. (*See* Doc. 1 at ¶¶ 59, 70–72, 76, 78, 84, 86). Plaintiff further alleged that he refused to participate in the objected-to activity on various occasions. (*Id.* at ¶¶ 70, 97). Thus, Plaintiff's objections are sufficient.

Defendant also argues that an FWA claim is insufficient unless the employee's objections related to "a specific violation of law." (Doc. 29 at 8) (citing *Schultz v. Tampa Elec. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1997); *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 464 (Fla. 2d DCA 2015)). *Schultz* is distinguishable from the case at hand. There, the court affirmed the dismissal of the plaintiff's second amended complaint because it "did not allege a violation by [defendant] of any law, rule, or regulation." *Schultz*, 704 So. 2d at 606. Instead, the plaintiff "set forth what he termed his concerns regarding the actual effectiveness of [defendant]'s . . . plans and programs." *Id.* Here, Plaintiff has identified actual laws that Defendant allegedly violated. (*See* Doc. 1 at ¶¶ 34–50, 58–59, 86).

And, while the *Kearns* court did hold that plaintiffs must show there was an actual violation of a law, rule, or regulation, [1] the court may dismiss only "if it is clear that no relief could be granted under any set of facts that could be proved

[1] There is a split among Florida district courts of appeal on whether Florida Statute 448.102(3) requires the plaintiff to show a good faith basis of a violation of a law, rule, or regulation, or whether it requires an actual violation. *See Kearns*, 157 So. 3d at 464–66 (holding that plaintiffs must prove an actual violation); *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013) (holding that plaintiffs need only demonstrate a "good faith, objectively reasonable belief" that the activity was statutorily protected); *see also Butterfield v. JetBlue Airways Corp.*, No. 20-13473, 2022 WL 291003, at *5 (11th Cir. Feb. 1, 2022) (acknowledging the split in Florida courts but not reaching the issue). This Court does not reach the issue because Plaintiff's claim succeeds under both standards.

consistent with the allegations." *Kearns*, 157 So. 3d at 464; *Aued v. Comverse, Inc.*, No. 08-21132-CIV, 2009 WL 10667411, at *5 (S.D. Fla. July 7, 2009); *see Steck v. Options for Senior Am. Corp.*, No. 8:09-CV-1826-T-27TGW, 2010 WL 11507744, at *3 (M.D. Fla. Apr. 20, 2010) (denying the motion to dismiss where a "liberal constru[ction]" of plaintiff's complaint alleged sufficient facts of at least one actual violation of law). Here, Plaintiff sufficiently alleges facts that Defendant violated a law, rule, or regulation. For instance, Plaintiff alleges that Defendant violated the FCA by misrepresenting the Annihilator's capabilities to federal agencies and states purchasing the technology. (Doc. 1 at ¶¶ 39–41); 31 U.S.C § 3729 ("[A]ny person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government[.]); *see Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1299 (11th Cir. 2021) (explaining that "a claim is false when it misrepresents the goods or services provided").

Thus, Plaintiff sufficiently alleges a claim under the FWA.

## CONCLUSION

Accordingly, Defendant's Motion for Judgment on the Pleadings (Doc. 29) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on April 23, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE